|   |   |
|---|---|
| PATRICIA LESLIE E., an Individual, | Case No.: 2:20-00140 ADS |
| Plaintiff, |   |
| v. |   |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM OPINION AND ORDER |
| Defendant. |   |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

I.   **INTRODUCTION**

Plaintiff Patricia Leslie E.[1] ("Plaintiff") challenges Defendant Andrew M. Saul, Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial of her application for a period of disability and disability insurance benefits ("DIB"). Plaintiff contends that the Administrative Law Judge ("ALJ") improperly assessed the

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

medical evidence, as well as her subjective complaints. For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.

## II. PROCEEDINGS BELOW

### A. Procedural History

Plaintiff protectively filed an application for DIB on May 23, 2016, alleging a disability onset date of November 15, 2015. (Administrative Record "AR" 221-27). Plaintiff's claims were denied initially on August 1, 2016. (AR 126-29). Thereafter, on November 15, 2016, Plaintiff filed a request for an administrative hearing. (AR 72-73). A hearing was held before ALJ Diana Coburn on October 16, 2018. (AR 29-54). Plaintiff, represented by counsel, appeared and testified at the hearing. Also appearing and testifying at the hearing was vocational expert Mary E. Jesko. (Id.).

On December 12, 2018, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act.[2] (AR 12-22). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on November 8, 2019. (AR 1-6). Plaintiff then filed this action in District Court on January 6, 2020, challenging the ALJ's decision. [Docket "Dkt." No. 1].

---

[2] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A).

On June 17, 2020, Defendant filed an Answer, as well as a copy of the Certified Administrative Record. [Dkt. Nos. 13, 14]. The parties filed a Joint Submission on October 3, 2020. [Dkt. No. 18]. The case is ready for decision.[3]

### B. Summary of ALJ Decision After Hearing

In the decision (AR 12-22), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.[4] 20 C.F.R. § 404.1520(a). At **step one**, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since November 15, 2015, the alleged onset date. (AR 17). At **step two**, the ALJ found that Plaintiff had the following severe impairments: (a) post lumbar laminectomy with fusion and degenerative disc disease of the lumbar spine; and (b) degenerative disc disease of the cervical spine. (AR 17). At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." (AR 17-18).

---

[3] The parties filed consents to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. [Dkt. Nos. 9, 10].

[4] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC")[5] to perform light work as defined in 20 C.F.R. §§ 404.1567(b)[6,] restricted by the following limitations:

> [Plaintiff] can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk for 2 hours in an 8-hour workday and she can sit for 6 hours in an 8-hour workday; she can occasionally push and pull with both lower extremities; and she can occasionally perform all postural activities.

(AR 18).

At **step four**, the ALJ found that Plaintiff is capable of performing her past relevant work as an Office Manager. "This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." (AR 21). As such, this concluded the ALJ's analysis and step five was not undertaken. Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from November 15, 2015, through the date of her decision, December 12, 2018. (AR 22).

---

[5] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §416.945(a)(1).

[6] "Light work" is defined as
> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 416.967(b); see also Rendon G. v. Berryhill, 2019 WL 2006688, at *3 n.6 (C.D. Cal. May 7, 2019).

## III. ANALYSIS

### A. Issue on Appeal

Plaintiff raises two issues for review: (1) whether the ALJ provided specific and legitimate reasons to reject the opinion of the treating doctors; and (2) whether the ALJ provided specific and legitimate reasons to reject the subjective limitations of Plaintiff. [Dkt. No. 18 (Joint Submission), 4].

### B. Standard of Review

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g). The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (District Court's review is limited to only grounds relied upon by ALJ) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)). A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one

rational interpretation,' the ALJ's decision should be upheld." <u>Ryan v. Comm'r of Soc. Sec.</u>, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005)); see <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless, that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." <u>Brown-Hunter v. Colvin</u>, 806 F.3d 487, 492 (9th Cir. 2015) (citation omitted); <u>Molina v. Astrue</u>, 674 F.3d 1104, 1115 (9th Cir. 2012).

### C. **The ALJ Properly Evaluated the Medical Evidence**

Plaintiff contends that the ALJ failed to provide specific and legitimate reasons to reject the opinions of her treating physicians in assessing her RFC. Defendant argues that the ALJ properly considered and weighed all relevant medical evidence of record in assessing whether Plaintiff's condition equals a listing and Plaintiff's RFC.

#### 1. Standard for Weighing Medical Opinions

The ALJ must consider all medical opinion evidence. 20 C.F. R. § 404.1527(b). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995) (citing <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987)). Where the treating doctor's opinion is not contradicted by another doctor, it may only be

rejected for "clear and convincing" reasons. Id. (citing Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (quoting Bayliss, 427 F.3d at 1216).

"Substantial evidence" means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Robbins, 466 F.3d at 882). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted); see also Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding ALJ had properly disregarded a treating physician's opinion by setting forth specific and legitimate reasons for rejecting the physician's opinion that were supported by the entire record).

As noted above, an RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1). Only the ALJ is responsible for assessing a claimant's RFC. See 20 C.F.R. § 404.1546(c). "It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (citing 20 C.F.R. § 404.1545).

      2.    <u>All Medical Evidence of Record Was Properly Considered,</u>
            <u>Including Whether Plaintiff's Impairment Equaled Listing 1.04A</u>

Plaintiff contends that the ALJ failed to provide specific and legitimate to reject the opinions of her treating physicians. The emphasis of Plaintiff's argument is that the ALJ improperly rejected the opinion of her treating physician, Helen Chung M.D., that Plaintiff equaled listing 1.04A due to her post laminectomy syndrome and the pain it caused. Plaintiff cites to a two-page form that Dr. Chung completed regarding listing 1.04A. (AR 961). As Defendant properly notes, nowhere on that form does Dr. Chung opine that Plaintiff's impairments equaled a listing. Dr. Chung, without any explanation or opinion, merely checks a box on a standardized form. Indeed, the opinions of Dr. Chung set forth in the form at issue discuss Plaintiff's disorder of the spine, with limitations in her flexion, pain with squatting, some sensory or reflex loss, but no positive straight-leg raising test and no muscle weakness or motor loss. (AR 961-62). Dr. Chung also noted that Plaintiff's impairment did limit Plaintiff's activities of daily living. The ALJ did take into consideration and gave weight to Dr. Chung's opinions in finding that Plaintiff's post lumbar laminectomy with fusion, degenerative disc disease of the lumbar spine, and degenerative disc disease of the cervical spine were severe impairments. (AR 17). Dr. Chung, however, provides no further opinions of how Plaintiff's lumbar disc degeneration and post laminectomy syndrome might meet the criteria of listing 1.04A. See <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.") (emphasis in original); <u>Lewis v. Apfel</u>, 236 F.3d 503, 514 (9th Cir. 2001) (a claimant must offer a variable theory as to how a combination of

impairment equals a listing before an ALJ can be said to have "err[ed] in concluding that [the claimant]'s conditions did not equal a listed impairment."].

Important to note, other than pointing to this mere checked box on a standardized form by Dr. Chung (with no supporting statements or opinions by Dr. Chung), Plaintiff makes no argument that her impairments otherwise equal listing 1.04A. Thus, even if the ALJ's failure to discuss the checked box form was in error, such error was harmless as there is no support anywhere in the record, nor does Plaintiff point to any, that her impairments in any way meet the specified criteria of listing 1.04A. See Brown-Hunter, 806 F.3d at 492 (even if an ALJ errs, the decision will be affirmed where such error is harmless); Molina, 674 F.3d at 1115.

Plaintiff further argues that the ALJ erred in giving greater weight to the opinion of the consultative examining physician, Richard Pollis, M.D. over that of her treating physician, Matthew Hwang, M.D. There is no error by the ALJ in assessing greater weight to the opinion of Dr. Pollis. The ALJ gave specific and legitimate reasons for discounting the opinion of Dr. Hwang. (AR 19-21). The ALJ reviewed the findings of Dr. Hwang and found the "functional limitations are overly restrictive and not supported by the medical records." (AR 21). The ALJ further noted that Plaintiff had recovered from her surgery in stable condition. (Id.). Furthermore, the ALJ specifically pointed out that Dr. Pollis had "interviewed, observed and examined" the Plaintiff and reported that Plaintiff was "generally within normal limits besides exhibiting a moderate left side antalgic limp and parabertebral muscle tenderness and spasm." (AR 19). Dr. Pollis found Plaintiff capable of performing work as set forth in the assessed RFC with the provided limitations. The ALJ found Dr. Pollis' opinion to be consistent with the findings and the medical evidence.

The Court therefore finds the ALJ properly assessed the medical evidence of record. Plaintiff would simply prefer the ALJ to have a different interpretation of the medical evidence than that assessed. However, it is the role of the ALJ to resolve any conflicts or ambiguities in the medical record. See Tommasetti, 533 F.3d at 1041-42 ("The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence."): Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (holding that it is the ALJ's job to resolve any conflicts). See Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) ("'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld.") (citation omitted); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). Indeed, an ALJ is not obligated to discuss "every piece of evidence" when interpreting the evidence and developing the record. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (citation omitted). Similarly, an ALJ is also not obligated to discuss every word of a doctor's opinion or include limitations not actually assessed by the doctor. See Fox v. Berryhill, 2017 WL 3197215, *5 (C.D. Cal. July 27, 2017); Howard, 341 F.3d at 1012. The Court finds no error by the ALJ in considering the medical record in assessing Plaintiff's RFC.

**D. Whether the ALJ Properly Evaluated Plaintiff's Testimony**

Plaintiff asserts that the ALJ did not properly evaluate her testimony regarding her symptoms and limitations. Defendant, on the other hand, contends the ALJ properly evaluated Plaintiff's subjective statements, finding them inconsistent with the record.

### 1. Legal Standard for Evaluating Claimant's Testimony

A claimant carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). Once the claimant meets that burden, medical findings are not required to support the alleged severity of pain. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("claimant need not present clinical or diagnostic evidence to support the severity of his pain") (citation omitted)). Defendants does not contest, and thus appears to concede, that Plaintiff carried her burden of producing objective medical evidence of her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms.

Once a claimant has met the burden of producing objective medical evidence, an ALJ can reject the claimant's subjective complaint "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." Benton, 331 F.3d at 1040. To discredit a claimant's symptom testimony when the claimant has provided objective medical evidence of the impairments which might reasonably produce the symptoms or pain alleged and there is no evidence of malingering, the ALJ "may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 489 ("we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination"); Laborin v. Berryhill, 867 F.3d 1151, 1155 (9th Cir. 2017).

The ALJ may consider at least the following factors when weighing the claimant's credibility: (1) his or her reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. Thomas v. Barnhart, 278 F.3d 948, 958-59 (9th Cir. 2002) (citing Light, 119 F.3d at 792). "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Id. at 959 (citing Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir. 1999)).

### 2. The ALJ provided Clear and Convincing Reasons Supported by Substantial Evidence

Having carefully reviewed the record, the Court finds that the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's subjective complaints.[7] The ALJ found that Plaintiff's subjective complaints were not entirely consistent with Plaintiff's own statements of daily activities in the medical records and her testimony, as well as with the medical evidence of record. (AR 18-19). The ALJ noted that the assessed RFC took into account Plaintiff's complaints of limitation. Plaintiff, however, contends that the ALJ failed to take Plaintiff's complaints into consideration when assessing the RFC.

A review of the decision reflects that the ALJ did not "dismiss" Plaintiff's testimony and medical records concerning her pain, symptoms, and level of limitation. Rather, the ALJ stated that she had considered Plaintiff's testimony in limiting her work

---

[7] The ALJ did not make a finding of malingering in her opinion. (AR 15-22).

at the light exertional level, with limitations for postural activities. (AR 18). Accordingly, the ALJ reduced Plaintiff's RFC of light work to "occasionally push and pull with both lower extremities; and she can occasionally perform all postural activities." (AR 18).

Plaintiff contends that the ALJ improperly pointed to her level of daily activity as a basis for dismissing her testimony. This is not correct. The ALJ cited to Plaintiff's statements in the record of her daily activities to show the inconsistency with her testimony at the Administrative hearing:

> [Plaintiff] stated she could do the following activities of daily living: do errands such as going to the Post Office or grocery store without assistance, walk outside of her home for an unsure amount of time, stand for 5 minutes at a time, sit for 15 minutes as a time, drive her own car and do light housekeeping chores without assistance. (AR 275, 293-95). The undersigned notes that all these activities above suggest the claimant is more capable than she alleged and are consistent with the functional limitations within the residual functional capacity stated above.

(AR 19); see Thomas, 278 F.3d at 958-59 (holding that an ALJ may consider inconsistencies either in the claimant's testimony or between the claimant's testimony and his or her conduct when weighing the claimant's credibility).

An ALJ is permitted to consider daily living activities in his credibility analysis. See 20 C.F.R. § 404.1529(c)(3) (daily activities are a relevant factor which will be considered in evaluating symptoms); see also Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors"). Daily activities may be considered to show that Plaintiff exaggerated her symptoms. See Valentine v. Astrue, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ properly recognized that daily activities "did not suggest

[claimant] could return to his old job" but "did suggest that [claimant's] later claims about the severity of his limitations were exaggerated."). Although Plaintiff takes issue with this, it was proper for the ALJ to have considered daily living activities in her credibility analysis. See Burch, 400 F.3d at 681.

The ALJ also performed a thorough review of Plaintiff's medical record and found that it did not fully support Plaintiff's allegations of disabling conditions. (AR 19-21). The ALJ properly considered how consistent Plaintiff's subjective symptom statements were with this objective medical evidence. 20 C.F.R. § 404.1529(c)(2). This could not be the ALJ's sole reason for rejecting Plaintiff's statements about her symptoms, but it was a factor that the ALJ was permitted to consider. Id.; see also Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (while a claimant's subjective statements about symptomology "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor"). Thus, the lack of consistency between Plaintiff's medical records and her testimony was a proper basis for the ALJ's discounting Plaintiff's testimony.

## IV. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice. Judgment shall be entered accordingly.

DATE: April 29, 2021

                                /s/ Autumn D. Spaeth
                            THE HONORABLE AUTUMN D. SPAETH
                            United States Magistrate Judge